UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL ALLEN DUSHARME** | **CIVIL ACTION NO. 10-1117** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **MR. HORTON, ET AL** | **MAGISTRATE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Michael Allen Dusharme on June 28, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). At the time he filed this complaint, he was housed in the Calcasieu Correction Center (CCC), Lake Charles, Louisiana. However, on June 13, 2011, and September 2, 2011, changes of address were noted by the clerk's office pursuant to filed correspondence from plaintiff indicating that he had been transferred. Docs. 12 and 17.

On September 26, 2011, documentation sent to plaintiff from the clerk's office was returned to the court with the notation "attempted not know." (Doc. 18). The document had been mailed to petitioner at the last address supplied.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Further, Local Rule 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE